HELMUTH ROBERTS, PLAINTIFF, v. MICHAEL VACCA, DEFENDANT.

Decided May 7, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *David L. Cole.*

*Contra, Aaron L. Simon.*

PER CURIAM.

The plaintiff brought suit against Michael Vacca, and his son, to recover compensation for injuries sustained by him as the result of a collision with an automobile belonging to the defendant, Michael Vacca, and driven by his son, Louis. The trial resulted in a verdict against the defendant, Michael, the jury awarding the plaintiff $20,000. The defense was that at the time of the accident Louis Vacca was not driving the defendant's car as the latter's agent or for his benefit, but solely for Louis' own pleasure.

This is a second trial of the case. The first trial resulted in a verdict against the father and son, the award being $35,000. A rule to show cause was allowed, and this court reduced the verdict, so far as the son was concerned, to $20,000 and set it aside *in toto* as against the father upon the ground that the latter was not responsible for his son's carelessness. The plaintiff accepted the reduction in favor of the son, and the present trial was had against the father alone.

The uncontradicted testimony submitted at this second trial was that the son, having been authorized by his father to use the car for the purpose of taking three girls, who were in a beauty shop and who lived within a block or two of each other, to their respective homes, went to the beauty shop, got the girls, and then, instead of taking them to their homes, started off on a pleasure ride with them in the opposite direction, and that, after he had driven them on this pleasure ride for a mile or so, and before he had turned around to come back in the direction in which the girls lived, the accident which is the foundation of the present suit happened. We set the original verdict aside as to the father because, as has already been indicated, the great weight of the testimony made it plain that Louis, in taking these girls for a pleasure ride instead of taking them to their homes, was acting contrary to the instructions given to him by his father, and, reaching this conclusion, we held that liability on the part of the father had not been shown. The testimony at the trial now under review is practically the same as that submitted at the original trial, and the fact that a second jury has found the father liable for the negligence of his son is no reason for allowing injustice to be done.

The rule to show cause will be made absolute.